AO 106A (08/18) Application for a Warrant by Telephone or Other Reliable Electronic Means

# UNITED STATES DISTRICT COURT
для the
District of New Mexico 

| | |
|---|---|
| In the Matter of the Search of<br>*(Briefly describe the property to be searched<br>or identify the person by name and address)*<br>**THURMAN CURLEY (YOB 1989)** | Case No. **25mr501** |

**FILED**
United States District Court
Albuquerque, New Mexico
Mitchell R. Elfers
Clerk of Court

## APPLICATION FOR A WARRANT BY TELEPHONE OR OTHER RELIABLE ELECTRONIC MEANS

I, a federal law enforcement officer or an attorney for the government, request a search warrant and state under penalty of perjury that I have reason to believe that on the following person or property *(identify the person or describe the property to be searched and give its location)*:

See Attachment A, attached hereto and incorporated herein.

located in the _____ District of _____**New Mexico**_____, there is now concealed *(identify the person or describe the property to be seized)*:

See Attachment B, attached hereto and incorporated herein.

The basis for the search under Fed. R. Crim. P. 41(c) is *(check one or more)*:
☑ evidence of a crime;
☐ contraband, fruits of crime, or other items illegally possessed;
☐ property designed for use, intended for use, or used in committing a crime;
☐ a person to be arrested or a person who is unlawfully restrained.

The search is related to a violation of:

| Code Section | Offense Description |
|---|---|
| 18 U.S.C. § 1111 | Murder; |
| 18 U.S.C. § 1153 | Crimes Committed Within Indian Country |

The application is based on these facts:

See Affidavit, attached hereto and incorporated herein.

☑ Continued on the attached sheet.
☐ Delayed notice of _____ days *(give exact ending date if more than 30 days:* _____ *)* is requested under 18 U.S.C. § 3103a, the basis of which is set forth on the attached sheet.

*Applicant's signature*

FBI Special Agent Stacey Stout
*Printed name and title*

Attested to by the applicant in accordance with the requirements of Fed. R. Crim. P. 4.1 by
__telephonically sworn and electronically signed__    *(specify reliable electronic means)*.

Date: **3/20/2025**

*Judge's signature*

City and state: **Albuquerque, New Mexico**    Jennifer M. Rozzoni, U.S. Magistrate Judge
*Printed name and title*

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

UNITED STATES OF AMERICA,

v.

THURMAN CURLEY
year of birth 1989

**AFFIDAVIT IN SUPPORT OF
APPLICATION FOR A SEARCH WARRANT**

I, Stacey Stout, a Special Agent ("SA") with the Federal Bureau of Investigation ("FBI"), United States Department of Justice ("USDOJ"), being duly sworn, do depose and hereby state the following:

**INTRODUCTION AND AGENT BACKGROUND**

1. I am a federal law enforcement officer within the meaning of Criminal Procedure 41(a)(2)(C) and I am authorized to investigate violations of Federal criminal law and possess the authority to execute warrants issued under the authority of the United States.

2. I submit this Affidavit in support of an application of a search warrant under Federal Rule of Criminal Procedure 41 for a warrant to search the body of Thurman CURLEY ("CURLEY"), born in 1989, to collect Deoxyribonucleic Acid ("DNA") samples by way of buccal swabs, and major case finger and palm prints. I believe CURLEY's DNA may be present on items utilized by the CURLEY during the commission of violations of **18 U.S.C. §§ 1111** and **1153**, that being *Murder in Indian Country* as well as other items collected during the course of investigation.

3. CURLEY is currently being held by tribal authorities at Crownpoint Navajo Nation Detention Center, in the District of New Mexico. An arrest warrant for CURLEY was granted by the United States District Court for the District of New Mexico on March 18, 2025, with violations of 18 U.S.C. § 1111 and 1153, that being *Murder in Indian Country*.

## PURPOSE OF THE AFFIDAVIT

4.     As set forth herein, there is probable cause to believe that CURLEY committed violations of 18 U.S.C. § 1111 and 1153, that being *Murder in Indian Country*. Because there is probable cause to believe CURLEY utilized a firearm during the commission of the crime, there is also probable cause to believe that CURLEY'S DNA and prints will be found on pieces of evidence collected in this investigation. Therefore, there is probable cause to collect a DNA sample and major case fingerprints and palm prints from CURLEY via buccal swab and finger printing in order to compare them with samples collected from the lawfully seized evidence in this case.

## AFFIANT'S RELEVANT TRAINING AND EXPERIENCE

2.     I have been a Special Agent with the Federal Bureau of Investigation (FBI), United States Department of Justice, since September of 2019. As such, I am a "federal law enforcement officer" of the United States within the meaning of 18 U.S.C. § 2510(7), and I am empowered by law to conduct investigations and to make arrests for offenses enumerated in 18 U.S.C. § 2516.

3.     I am currently assigned to the Violent Crime/Violent Crimes Against Children squad of the FBI Albuquerque Field Office. During my employment with the FBI, I have conducted/participated in numerous investigations of suspected violations of Federal law, including Indian Country crimes and crimes of violence. I have received training on how to conduct complex investigations and I have participated in the execution of arrest and search warrants involving various Federal violations. My investigative training and experience include, but is not limited to, conducting surveillance, interviewing subjects, targets and witnesses, writing affidavits for and executing search and arrest warrants, managing confidential human sources ("CHS") and cooperating witnesses/defendants, issuing subpoenas, collecting evidence, and

analyzing public records.

5. Through my training, experience, and knowledge of this investigation, I know that person(s) who commit violent criminal acts with the use of a firearm often transfer their DNA and fingerprints to the firearm which is detectable by lab technicians.

6. The facts in this Affidavit come from my personal observations, my training and experience, information obtained from other law enforcement officers, witnesses, and records I have reviewed. Because this affidavit is submitted for the limited purpose of securing a search warrant, I have set forth only those facts I believe are necessary to establish probable cause to support a search warrant to collect DNA and major case finger and palm prints from CURLEY.

## SUMMARY OF PROBABLE CAUSE

7. On March 17, 2025, at approximately 1:25 a.m., a subject identified as Thurman CURLEY ("CURLEY"), year of birth 1989, shot T.C., year of birth 1992, hereinafter referred to as JOHN DOE, causing his death at rural address, 112A, CR 7900, Pueblo Pintado, New Mexico which is located on the Navajo Reservation, Indian Country.

8. Upon information and belief, JOHN DOE is a member of the Navajo Nation, a federally recognized tribe. Upon information and belief, CURLEY is a member of the Navajo Nation, a federally recognized tribe.

9. On March 17, 2025, at approximately 1:25 a.m., Navajo Nation Police Department (NNPD) Officer Garret Thomas received a call involving a shooting incident that occurred at rural address, 112A, CR 7900, Pueblo Pintado, New Mexico. Officer Thomas arrived at the scene approximately 40 minutes later and began executing life-saving measures on JOHN DOE, who was unresponsive inside of the residence.

10. An Emergency Medical Response Team (EMT) responded and attempted life-

saving measures on JOHN DOE. EMTs were unable to revive JOHN DOE and he died.

11. At approximately 2:30a.m. NNPD Criminal Investigator (CI) Ben Yazzie called the Albuquerque FBI Field Office for assistance. SA Thomas Long and SA Stacey Stout responded to assist.

12. NNPD CI Yazzie, SA Long, and SA Stout arrived at rural address, 112A, CR 7900, Pueblo Pintado, New Mexico at approximately 5:30a.m. Upon arrival, NNPD Officer Thomas informed CI Yazzie and FBI Agents that CURLEY was being held in a NNPD marked unit and CURLEY was refusing to speak to Officers. NNPD Officer Thomas stated that CURLEY was inebriated, and FBI Agents decided it would not be beneficial to speak to CURLEY and would interview CURLEY at a later time.

13. FBI Agents collected one (1) Glock 17 9mm handgun bearing serial number BVBP882 that was located on the ground outside of the residence, which NNPD Officer Thomas stated was used by CURLEY to shoot JOHN DOE. Additionally, FBI Agents collected one (1) expended 9 mm shell casing from underneath JOHN DOE'S body inside the residence.

14. Agents conducted an interview with WITNESS 1, who was present at the incident. WITNESS 1 indicated at approximately 8:30 p.m., CURLEY and JOHN DOE, who are brothers, began hanging out and drinking alcohol at 112A, CR 7900, Pueblo Pintado, New Mexico. WITNESS 1 indicated that CURLEY and JOHN DOE had not seen each other in approximately three (3) months, and they just wanted to spend time together. WITNESS 1 went to sleep and woke up at approximately midnight or 1:00a.m. when they heard CURLEY and JOHN DOE physically fighting each other. WITNESS 1 heard JOHN DOE accusing CURLEY of sending messages to JOHN DOE'S girlfriend, to which CURLEY denied. JOHN DOE was hitting CURLEY repeatedly and WITNESS 1 heard JOHN DOE yell at CURLEY, "I'm going to kill you!" WITNESS 1 then

stated that they were afraid and ran outside to get help for CURLEY. WITNESS 1 did not hear a gun shot and was not aware that CURLEY had a firearm with him. WITNESS 1 stated CURLEY was sitting on the ground outside and kept saying "Sorry" when they came back to the residence after looking for help.

15. WITNESS 1 did not know CURLEY to be violent and said CURLEY was "always nice."

16. Agents conducted an interview with WITNESS 2, who was present at the scene of the incident. WITNESS 2 stated that CURLEY and his girlfriend showed up yesterday (March 16, 2025), and came and went all day from 112A, CR 7900, Pueblo Pintado, New Mexico. WITNESS 2 did not know if CURLEY and JOHN DOE were drinking. Later that night, CURLEY's girlfriend came to WITNESS 2's door and stated JOHN DOE and CURLEY were fighting and CURLEY's girlfriend was told to go inform JOHN DOE and CURELY's parents, who lived next door. WITNESS 2 heard a gunshot as they were getting dressed to go outside. WITNESS 2 went outside and saw CURLEY walking around outside with a gun in his hand. WITNESS 2 told CURLEY to put the gun down and CURLEY complied. WITNESS 2 stated that CURLEY then said, "I shot my brother."

17. WITNESS 2 then entered the residence at 112A, CR 7900, Pueblo Pintado, New Mexico, tried helping JOHN DOE, and directed someone to call 911. WITNESS 2 directed others to stay away until police arrived.

18. WITNESS 2 stated that JOHN DOE and CURLEY were always fighting. WITNESS 2 also stated that CURLEY would threaten JOHN DOE with a gun and that CURLEY always has his gun on him.

11. On March 17, 2025, FBI Agents collected a Glock 17, 9-millimeter pistol, bearing serial number BVBP882, recovered from outside of the residence. The firearm is currently stored at the FBI Albuquerque Field Office located at 4200 Luecking Park Avenue NE; Albuquerque, NM 87107.

12. Based on the foregoing, there is probable cause to believe that the DNA samples and prints sought through this warrant will provide evidence pertaining to violations of **18 U.S.C. §§ 1111** and **1153**, that being *Murder in Indian Country*.

13. The buccal swab samples and major case finger and palm prints from CURLEY will be obtained pursuant to approved procedures, without unnecessary discomfort to CURLEY, in private, and under circumstances where he will feel little or no pain or embarrassment.

14. Investigators will obtain sample swabs and prints from the firearm and vehicle described above as well as other items of evidence that are discovered during the course of this investigation. Those samples will be compared with the DNA samples and prints collected from CURLEY pursuant to the authorization sought in this application.

15. Should CURLEY refuse to allow me to collect DNA or prints pursuant to this search warrant, I request the Court's permission to use reasonable force, only if necessary, to execute this search warrant. Therefore, I request the Court's permission to use reasonable force, only, if necessary, to execute this search warrant.

## CONCLUSION

16. Based on the above information, there is probable cause to believe that CURLEY committed violations of **18 U.S.C. §§ 1111** and **1153**, that being *Murder in Indian Country* and that the DNA samples and major finger and palm prints sought in this warrant will provide evidence of those violations. Therefore, I am seeking authorization under Rule 41 of the Federal

Rules of Criminal Procedure to collect a DNA sample and major finger and palm prints from CURLEY, via buccal swab and fingerprints to compare with any DNA that is found on the evidence seized in this matter.

17. This Affidavit was reviewed and approved by Assistant United States Attorney Mia Ulibarri-Rubin.

Respectfully Submitted,

Stacey Stout,
Special Agent
Federal Bureau of Investigation

Electronically submitted and telephonically sworn to before me on the 20th day of March, 2025.

JENNIFER M. ROZZONI
UNITED STATES MAGISTRATE JUDGE

## ATTACHMENT A

### Person to Be Searched

The person to be searched is Thurman CURLEY, YOB 1989. He is currently located at the Crownpoint Navajo Nation Detention Center. CURLEY is approximately 5'5'', 163 pounds, whose photograph is shown below:



## ATTACHMENT B

### Property to Be Seized

The following material, which constitute evidence of the commission of a criminal offense, namely violations of **18 U.S.C. §§ 1111** and **1153**, that being *Murder in Indian Country*.

1. DNA samples, via buccal (cheek) swabs, from Thurman CURLEY; and
2. Major case fingerprints and palm prints from both hands of Thurman CURLEY.